Good morning, Your Honors. Michael Drake for Petitioner Appellant Thomas Milam. I'm going to try to reserve two minutes for rebuttal and I'll watch the clock. I know you've got limited time, so let me interrupt you at the beginning and see if you can help me. I'm trying to get the sequence of days straight in this. I think I have, but I want to make sure I understand what you're claiming. You don't claim that there should be any tolling between the time that the state conviction became final and the first state habeas petition was filed. But you claim, through a variety of statutory and claimed equitable tolling, tolling for the entire period that the state habeas process ran, correct? And there's more. Yes. Okay. And that's 616 days. Yes. Okay. You also claim equitable tolling, no statutory tolling, for the period between the last denial of the state habeas petition and the hiring of federal habeas counsel. Right. And that's either 224 or 226 days. The record's not clear what day counsel was hired on, but I'm not sure it's relevant. Those are the two periods for which you claim either equitable or statutory tolling, correct? That's right, Your Honor. I would add, if I could, just that, I mean, there are lots of ways to carve it up, but I think that is a way for... Temporarily, those are the two periods. Yes. Okay. Thank you. Because one of the disputes in this case is whether or not you have enough days to get there. Right. Yeah. No, it's an important point and a difficult... It's a difficult point to get your head around. So, I mean, we're here because the district court found evidence of Thomas Milam's mental impairment, quote, irrelevant to, unquote, to the analysis of whether he should get equitable tolling based on his mental impairment. So... Does mental impairment change? I was wondering why you're not also asking for the time when federal habeas counsel had been retained, because there was some longer period at that point, and I'm not sure I understand that the mental impairment changed during that time. No, we just don't need it, is all. That's all. And you never sought it below. Right. And as I add up the numbers, maybe I'm wrong. If you got that and you didn't... You need both of the other two in order to prevail. And if you don't get both of the other two, this one's irrelevant. Right. I mean, this isn't a case... But most cases we'll deal with, say, episodes of psychosis or something, whereas this is like a persistent mental impairment. So we could say he should just get equitable tolling for the whole thing. But maybe trying to make it simpler, we made it harder. Well, I was wondering if it made it harder, because if the theory is that the mental impairment prevented filing, then it seems sort of like it should continue as long as the mental impairment continues, at least in some way. And so by not asking for a tolling for that period, I wonder if you sort of do undermine your argument from earlier. If it had been me, I would have... Below, I would have just said it's equitable tolling for the whole time. Let's focus on this. Or a mix of... I'm sorry. No, I'm sorry. You're still answering the question. Focus on the first period, if you will, the state habeas period. The trial court seems to have said, well, look, you had a lawyer here. You're not really complaining about the quality of the petitions that he filed. You're just complaining that he didn't file them quickly enough in sequence to each other to preserve statutory tolling for purposes of habeas. And more or less, I'm rewording what the magistrate judge said, but I think it's a fair rewording. How did your mental impairment affect that? In other words, I could see a case in which you couldn't get together with counsel to raise the claims that should be raised. But here, nobody complains about the claims that should be raised. Indeed, the federal habeas raises the same claims as it must. So what's the causal connection between his mental impairment? So the causal connection is that if you look at the causation test is whether the mental impairment caused the late filing. The fact that... And that goes... Part of that analysis is whether Mr. Milam understood enough about the nature of the claims. And I in filing it, whether he understood those and the extent to which he understood them. So I mean, the intuition, I think behind your question, maybe so bold is that the claims are there. He could just have filed them, but we don't know because there's been no finding by the district court, what his mental impairment was and whether it prevented him from being able to... The intuition may be the next step in this proceeding, I guess, is your answer, right? So if we were to say, judge, look, you just can't say his mental impairment was irrelevant because he had counsel. The judge might still find as a matter of fact that his mental impairment wasn't the cause of the late filing. So your argument is simpler, I think. I want to make sure I understand it. Your argument is that by saying mental impairment was irrelevant and therefore I don't need to determine what it was or what it did, the judge erred. Absolutely. There is no... And we're not here to decide whether or not your client's mental impairment actually affected his ability to file. That's absolutely correct, right? The argument is... I mean, I think really the central argument is very simple. There is no way to square the district court's holding that mental impairment is irrelevant with what Bill says district courts must do. So let's go back to Bill's because this is the other question. Bill's was an unrepresented petitioner. He had some access to regulate and the court said some things and said this, our ruling would apply to lawyers too, but obviously that's dictum. Is there any case law in this circuit that finds equitable tolling when somebody is actually represented by counsel during the period? I don't think there's... I think there is one. Let me see if I can pull it up here. It's a first circuit case and there's case law in the country, but I'm just looking in this circuit. Right. There is one ninth circuit case that's unpublished. Robertson versus Dave... Oh, sorry. Is the question about whether... Someone who's represented by an attorney? Someone who's represented by an attorney. Not in this circuit that I'm aware of. It's rare to see these equitable tolling cases when somebody is represented by an attorney and there's no claim that the attorney's filings were deficient. That's right. Here, we have a claim that the attorney's filings were perfectly okay. They just weren't close enough together. Right. I'm not aware... They weren't close enough together under California law. Right. They just weren't close enough together to provide that equitable tolling. Under California law for the purposes of timeliness... Right. Yes. Yes. No. I think it's a separate question whether it's sufficient under California law to abide by his professional obligations. I don't think he's abided by those professional obligations at all, but I do have a sixth circuit case actually reversing a district court denial after a hearing was held. If it's of interest to you, it's Stiltner versus Hart? Yes. Stiltner and Hart. You have that one. Okay. And then the first circuit case is Riva and Fico. Yes. That's right. Yeah. I was trying to... Those were in your briefs. I was trying to figure out whether there was one in this court. Right. So we have a rule about reasoned dicta in our court that we're bound by reasoned dicta. Do you think this is reasoned dicta? Yes. And let me go into it a little bit more. I think it's also backed by sound reasons in both equity and the nature of the causation test. So when you're talking about causation, the question is again whether mental impairment caused the late filing. The fact that the person who's providing assistance, right, bills is not dicta insofar as it talks about the assistance from jailhouse lawyers, but nothing in bills and nothing in the nature of... Nothing under Holland would justify for purposes of causation saying that, there's no causation as long as the person giving assistance has a law license. That's the causation point. And then in equity, it would be sort of like the opposite of equitable and fair to say, well, look, the guy went beyond what's reasonably available and actually got himself a lawyer. And so we're going to hold his lawyer's missteps further against him because he took those extra steps. So I think those are the reasons that would support applying that to extending bills to this case. I have a minute and 15 left. It's all yours to save. Thank you, Your Honor. We'll hear from the state. Good morning and may it please the court. Deputy Attorney General Shira Markovich on behalf of the warden. I'd just like to start off by noting that the district court didn't find petitioner's mental impairments were irrelevant to the equitable tolling analysis. He said that. We can both read the words. He said his impairments were irrelevant because he was represented by counsel during the relevant period. So the district court said proof of petitioner's mental and psychological problems was irrelevant, meaning that the parties in the district court presented competing evidence as to whether or not petitioner's mental impairment. But doesn't that mean that they put in I'm not going to resolve that competing evidence. It's irrelevant. So it seems to me he did say his mental impairment was irrelevant. I don't need to find whether he was impaired or not because it makes no difference to my analysis. Yes, that's that. The last point is correct. And that's because Bill has a two prong test. The first is the mental impairment was so severe that it prevented the timely filing. And the second was the second prong of Bill's is the causation requirement. So what the district court did was essentially similar to a Strickland analysis, where it assumed the first prong of the test was satisfied by petitioner, that it wouldn't resolve it. And it went directly to the second prong. In this case, that's the but for prong. And in this case, the district court said, I don't have to resolve the first prong of the Bill's test because you fail to meet the second prong. But I don't understand that on this record. We have expert affidavit. Well, we have in the record. I mean, it's not like people got to understand and testified or the question was whether or not we have in the record is an expert saying he didn't understand the nature of the proceedings. Had he understood the nature of the proceedings, he would have consulted with counsel along the way to make sure that counsel was doing what he promised in his contract, which was to preserve all of his state and federal rights. And his mental impairment prohibited from doing that. Now, a judge might not find that to be true, listening to a witness or hearing contrary evidence, but that's the only evidence in this record. So how could the judge find an absence of causation? It's incorrect to say that that is the only evidence in the record. Of course, we also have the prison mail logs, which show substantial communication between petitioners. We know the contents of those, right? So maybe they're incoherent and useless. Well, we do know the content of some of them because petitioner presented a declaration in the district court that said that he was writing to state habeas counsel. He was inquiring about state habeas deadlines. He was inquiring about federal habeas deadlines that he had learned from a jail house lawyer that there were such deadlines. He asked about the status of his state habeas and it goes on to recount some of the information that state habeas counsel told him. But if you start out with the assumption, which you are here, that he was so impaired that he would have been unable to effectively communicate back and forth concerning the answers to any of those questions, aren't we still stuck with a factual finding on causation that isn't supported by this record? No, the but for cause of the untimely filings, quite simply, was the attorney delay in this case. It wasn't the mental impairment that resulted in the statute of limitations expiring. It was because state habeas counsel delayed in between filing those state habeas petitions that the limitations period expired. It wasn't... Can't there be two causes? I mean, maybe if Mr. Milam had been more competent, he could have done a better job of reminding or communicating with the lawyer and maybe the lawyer wouldn't have done that then. Mr. Milam sent five letters to state habeas counsel specifically during the statute of limitations period and counsel sent him four letters. Again, we don't know the contents of those letters. Petitioner didn't provide them in the district court and any defect in the record to that extent is, again, he failed to meet his burden. However, his declaration shows that he could communicate with counsel. But he's not arguing that he was unable to understand, in this case, the necessity for... Frankly, I'm not sure many lawyers understand it. He was unable to understand the necessity for filing the state habeas petitions in a particular temporal sequence so as to preserve statutory tolling for AEDPA purposes. Given the affidavit from the expert about his impairment, I'm not sure why it's clear that the to consult about that issue. Well, a jailhouse lawyer told him that there were deadlines and then he promptly wrote state habeas counsel and inquired about them. So he had the wherewithal to understand that there were deadlines and then inquired about them with counsel and the prison mail logs show that they were writing back and forth between each other. So again, the bill's test requires the first prong is the mental impairment prong and the second is the causation. And again, there simply just isn't any causation. The mental impairment wasn't what resulted in the delayed filing. It was, frankly, the 232... Well, on the causation, I think you said earlier that it was the attorney's fault, right? The attorney was the sole, I'll say, the sole practical cause of the default. Yes. But the magistrate judge, and also you said it's not serious enough, but the magistrate judge found that what the attorney did was, or did not do, was nothing more than ordinary negligence, right? That's correct. So it's hard to classify that as, and that was, in your view, the sole cause of the lateness, just ordinary negligence? Yes. And the, what do you call it, the petitioner had no part to play in that. In other words, as Judge Hurd says, well, you know, somebody said, you know, he could have, as you say, in fact, he asked his counsel several times about timeliness and got no proper response. Well, we don't know he didn't get a proper response. Again, we don't know the content of the letters. We do know State Habeas Counsel was responding to his letters and his questions contained in the letters. He says that in his own declaration. But yes, petitioner was writing to counsel. Again, it's possible that petitioner was asking him questions about the claims that counsel was going to raise. It's also possible that he's writing him gibberish. We just don't know. That's true, but he executed a quite coherent declaration in the district court. At a point in time when he's not claiming disability. Well, the problem is, you see, the magistrate judge didn't really inquire into these matters, right? I disagree with that. We had... In other words, Judge Hurd just said, well, he could have been writing gibberish, but the magistrate judge never inquired into that, what he was writing. Well, it's petitioner's burden to provide that evidence. He provided a declaration that explained what the content of the letters was. If petitioner had the letters, he could have clearly provided them to the district court to show it was gibberish, but instead he provided a declaration that said it wasn't. You do a better job of making the magistrate judge's order rational than the magistrate judge did. So I want to ask this question. As I read the order, I think it's fairly readable as saying you had lawyer during this time period. I don't care whether you were incompetent. Is that not a fair reading of the actual order? Not of your reasoning that the judge should have followed? Again, I think that my reading of the report is what he was trying to say, and I think it's important to understand the background litigation in this case. There were no less than five rounds of briefing on this equitable tolling issue. We appeared for two status conferences and where these issues were flushed out. So the district court had plenty of information from both parties in terms of briefing and opportunities for a petitioner to prove his case, what was in the letters, that he was impaired at the time. The district court just simply found that it was attorney neglect that resulted in the statute of limitations period expiring. His mental impairment plainly played no part. He was represented by... Have the judge say that more clearly? Because it seems like the judge didn't apply the right legal standard, but maybe you're right that actually in the judge's head, it was the right legal standard. So is there a big problem of making sure? Well, of course, this court can review this case de novo and simply apply bills with the gloss that I have presented, and I think the district court understood. So this court can find that cause prong of bills. I'm reading this order, and I say again, you do it better than the magistrate judge did. Let me ask you an unrelated question. I've gone back and looked at the underlying habeas claim and the last recent state decision. Would the state just consider just waiving the statute? It seems to me you're going to win pretty quickly if the merits of this case are... We're here two years later fighting about statutory tolling or equitable tolling, and when I look at the habeas petition and maybe your learned counsel will do a much better job of raising things when they get back, but it doesn't look like there's much here. I must confess I'm not even quite sure how the merits would play out. All of the litigation has focused on both the 60B motion and now finding this equitable tolling claim, but the statute of limitations is an affirmative defense, and we stand by the fact that petitioner just... You're not required to. It's just in terms of the use of everybody's resources, the district court would have been done with this case much earlier. I understand. And also I just like very, very quickly, if I may make the point that the petition is untimely even if petitioner were to be awarded... Thank you, but I asked him that question. You do agree that the two periods for which he's seeking tolling add up to 840 days roughly? I'm not quite sure. 16 plus 224? I take the court's calculation to be correct. That's 840. And the petition was not filed 840 days late. It was not. With the judge's 60B ruling, making the habeas filing on the date that he filed it. The numbers say that there's enough time so that it was timely. Now, I don't know how our en banc court is going to resolve the issue in the Smith case about whether or not one then has to look at diligence and periods after the tolling ended, but that's not really an issue in front of us. Well, petitioner... So even assuming that petitioner is entitled to tolling during the state habeas litigation period, he still has to establish tolling for the time between that and the hiring of federal habeas counsel. And what he says there, and I think it's also unrebutted in the record, is his expert says his disability remained during that period. He didn't understand during that period that he had to file. And it wasn't until they hired a lawyer that the lawyer realized that they had to file. That may be factually completely wrong, but that's what he says. So he's laid out a claim for equitable tolling in that period. Well, in the district court, his argument was that he was entitled to equitable tolling for that time period due to being misled by his state habeas counsel about the federal filing deadline. There was no argument that his mental impairments continued to be warrant equitable tolling for that time period. And he plainly understood the need to hire counsel because he ultimately did. And absent that period, then the first 616 don't matter. Precisely. He's untimely. Thank you so much. So counsel, this is the question I forgot to ask you. I better go get my computer. Your opponent triggered it up. You don't need a computer on this one. She says, and she says in her brief, you really never sought tolling for the post, the period between federal, between the federal filing and the last, the denial of state habeas that on at least on a mental impairment basis, you were arguing counsel was terrible. Right. Respond to that. I mean, I just, he would be entitled to equitable tolling during that that we didn't, it was the question whether we waived it. Why not? What did you urge it? Put aside what the legal consequences were just factually. Did you argue to the district court? I don't believe that we argued it to this court. I'm not a hundred percent certain about that. I, I, I, so I don't know. I'm not sure whether we have material in the excerpts to answer that question. So I don't know. Yeah. I was trying to find that in the record too. I mean, I know, I know that your evidence would suggest impairment during that period, but that's not what the council's arguing. She's saying nobody ever said to the magistrate judge or the district judge, give us, give us tolling for that period. Right. Yeah. And I confess I didn't pay much attention to that because I didn't think we needed it. So I, and I don't still don't. But you do need it, don't you? Because if you, if, if you waived that period, just for purposes of discussion, then even adding the other two together, then you'd have to also claim for the post, for the period post habeas filing. I, I need my computer for this one, but my, my, you know, my thumbnail sketches that we don't need those. I think it's the four months because if you, if you get, I could be wrong with this, the three months before that, right? I think you filed more than 660. That's right. That's right. So, so yes, I think we do. That's right. I think we do need it for those, for those, but I don't know whether we urged it below or not. And, you know, really what I gave was an example of how you could calculate it. And it wasn't about, you know, whether he would be entitled to tolling under the evidence that he, that he gave. My time's run out. If I could just make, I'm happy to, actually, I'm happy to submit on that, Your Honor. You should. Yeah. I mean, okay. I'll just say my friend on the other side has said, there's all sorts of things that we know. And I think the court already understands that we don't know anything because we haven't had an evidentiary to determine the nature of the impairments. Thank you. Thank you. This case is submitted. We thank both counsel for their arguments and briefs.
judges: Tashima, Hurwitz, Friedland